SAMUEL, Judge.
This is an appeal from an order of the trial court declaring appellant not qualified *1081 or eligible to exercise any functions of a notary public because of disciplinary actions taken against him by the Louisiana Supreme Court.
Appellant’s license to practice law in Louisiana was suspended on January 18, 1977 by order of the Louisiana Supreme Court. Applicable here is Louisiana Revised Statute 35:14, which provides as follows:
“Any attorney at law, or person who was an attorney at law, who is disbarred or suspended from the practice of law due to charges filed by the Committee on Professional Responsibility of the Louisiana State Bar Association or who has consented to disbarment shall not be qualified or eligible nor shall he exercise any functions as a notary public in any parish of the state of Louisiana as long as he remains disbarred or suspended from the practice of law in Louisiana. Provided, however, that nothing in this Section shall apply to any action taken against an attorney at law for failure to pay annual dues.” LSA-R.S. 35:14.
In compliance with his statutory duty,[1] the Custodian of Notarial Records for the Parish of Orleans filed a rule in Civil District Court for the Parish of Orleans to test the sureties of notaries public in Orleans Parish and to take other action as required by law. The judgment on the rule listed the names of all active notaries and the names of all persons who, since rendition of a similar judgment from the previous year, have ceased for various reasons to be a notary public for the Parish of Orleans.
The judgment complained of takes judicial notice of the numerous notaries public in Orleans Parish, setting forth the names of those who died, those who resigned, those who are on leave of absence, those who are in the Armed Forces of the United States, those who have been newly admitted to practice, and those who are not qualified or eligible to be notaries public because of disciplinary action taken against them by the Louisiana Supreme Court. Appellant’s name was listed in the latter category.
Appellant first contends the trial court erred in rendering the judgment against him without allowing him an opportunity to be heard. He points to the fact that a copy of the herein rule to show cause was not served on him as required by Code of Civil Procedure Article 2594. This contention is without merit because, in our opinion, R.S. 35:14, which we have quoted above, is self executing. Under that section an attorney who is disbarred or suspended is automatically not qualified or eligible to exercise the function of a notary public. The fact that appellant was not qualified is implicit in the judgment of the Supreme Court which suspended him and there was no need for the Custodian to take any further action in connection therewith except for the purpose of keeping his records current as the law requires. This being so, the rule itself was unnecessary and there was no need to serve a copy on appellant.
Appellant also makes two constitutional arguments, neither of which is valid. His argument that the statute involves an ex post facto law because the alleged crime resulting in his suspension took place prior to the enactment of R.S. 35:14 is of no merit since his status as a notary public was not affected by the alleged commission of any crime but instead by the suspension of his license to practice law which in turn resulted from that alleged commission. The suspension of appellant’s license occurred in 1977, subsequent to the enactment of the statute in question. Consequently, it was not retrospectively applied.
Appellant’s second constitutional argument, that he was denied equal protection of the law, likewise has no merit. The United States Supreme Court has held the Fourteenth Amendment permits the states wide discretion in enacting laws which affect some groups of citizens differently than others; the constitutional safeguard of equal protection is violated only when a classification rests on grounds wholly irrelevant to the achievement of the state’s objective; and a statutory discrimination will *1082 not be set aside if any state of facts reasonably may be conceived to justify it.[2] Notaries public in Louisiana are vested with wide authority to perform numerous functions also performed by attorneys at law. In this respect they are more like notaries in continental jurisdictions rather than those in common law jurisdictions. In any event, because the functions of a notary are so inextricably involved in the functions of an attorney, it is not unreasonable for the legislature to prevent disbarred or suspended attorneys from performing the duties of a notary public and by so doing prevent a suspended or disbarred attorney from doing indirectly what he cannot do directly. The classification thus created by the legislature in the statute complained of is totally related to the goals sought to be achieved and is constitutional.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. See Revised Statutes 35:325-35:328.

. See McGowan v. State of Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1960), ana cases cited therein.