JLjCLARENCE E. McMANUS, Judge.
On February 13, 1990, Darryl Plauche executed a Last Will and Testament by which he bequeathed his entire estate to the Vocational Development Fund of the Brothers of the Sacred Heart. He appointed Neyda V. Leslie as his executrix and Frank Lagarde, Jr. as the attorney for the estate.
On March 8, 2002, Plauche changed his will and bequeathed all personal effects, including automobiles, boats, trailers, etc. to Evans Brown, with a usufruct for life over the remainder of the estate. Plauche also gave Brown the right to dispose of non-consumable things. The will was notarized by Walter Jamison Crittenden, allegedly a notary public and attorney. However, Crittenden had been suspended from the practice of law by the Louisiana Supreme Court on June 30,1998.
Plauche died on November 21, 2002. Neyda Leslie filed a Petition to Probate Statutory testament on January 7, 2003. On January 21, 2003, Brown filed a Petition to Annul the Probated Testament and to Revoke Letters Testamentary issued to *1064 Leslie. Leslie filed a Rule to Show Cause Why One of the Competing Wills Should Not Be Revoked and Why Leslie Should Not Be Removed as Testamentary Executrix. A trial was held and Leslie argued that the 2002 will was invalid because at the time the will was executed and notarized, Crittenden was suspended from the practice of law, so he was prohibited from acting as a notary. Therefore, Leslie argued the will was not properly notarized and was invalid.
A hearing was held on April 16, 2003 and the trial court found the March 8, 2002 will to be invalid. The trial court stated in its reasons that Crittenden was not |3a notary on the date the will was signed because he had been suspended from the practice of law by the Louisiana Supreme Court on June 30.1998. Brown now appeals the trial court’s judgment.

DISCUSSION

On appeal, Brown argues that Critten-den was a notary de facto on the date the will was signed because Crittenden believed he was a validly authorized notary public. In addition, Brown argues that Plauche did not know that Crittenden was unqualified. Thus, Brown contends the will is valid. In opposition, Leslie argues that Crittenden was not a qualified notary and, therefore, the will was invalid. She also argues that Plauche was sight impaired so the will should have been executed according to La. C.C. art. 1579 which requires that the will be read aloud, in the presence of the testator, notary and two witnesses and the testator must declare that he heard the reading and that it is his will and he must then sign or make his mark. Finally, Leslie argues that Brown is a legatee and a witness of the will, therefore, pursuant to La. C.C.art. 1582, any legacy to him is invalid. For the reasons which follow, we agree with the trial court and find that Crittenden was not a notary on the day the will was executed and signed, and therefore, the March 8, 2002 will of Darryl Plauche is not a valid will.
La. R.S. 35:14 provides that a disbarred or suspended attorney is prohibited from exercising notarial functions and that statute states:
Any attorney at law, or person who was an attorney at law, who is disbarred or suspended from the practice of law due to charges filed by the Committee on Professional Responsibility of the Louisiana State Bar Association or who has consented to disbarment shall not be qualified or eligible nor shall he exercise any functions as a notary public in any parish of the state of Louisiana as long as he remains disbarred or suspended from the practice of law in Louisiana. Provided, however, that nothing in this Section shall apply to any action taken against an attorney at law for failure to pay annual dues.
In State ex rel. Wootan, Praying for Testing of Sureties on Notarial Bonds, 364 So.2d 1079 (La.App. 4th Cir.1978), the Louisiana Fourth Circuit Court of ^Appeal held that La. R.S. 35:14 is self executing and it is implicit in the Supreme Court’s judgment suspending an attorney from the practice of law that the attorney is also not qualified to exercise the function of a notary public.
Walter Crittenden was suspended from the practice of law on June 30, 1998 by Order of the Supreme Court and remained suspended on March 8, 2002, the date he notarized Plauche’s will. In accordance with La. R.S. 35:14, Crittenden was prohibited from exercising notarial functions on that date. La. C.C. art. 1577 provides that a notarial testament must be signed by the testator and witnesses in the presence of a notary and must also be signed *1065 by that notary. Since Crittenden was prohibited from performing as a notary on the date the will was executed, the March 8, 2002 will of Darryl Plauche was not properly notarized and is, therefore, invalid. As a result, we affirm the trial court’s judgment finding that the March 8, 2002 will of Darryl Plauche is invalid.
On appeal, Leslie, appellee, has also argued that the will was invalid because Darryl Plauche was sight impaired and, according to La. C.C. art. 1579, the will should have been read aloud and the will must have included a declaration stating that the will had been read aloud in the presence of the testator, witnesses and notary. She has also argued that Brown is a legatee and a witness of the will, therefore, pursuant to La. C.C.art. 1582, any legacy to him is invalid. The trial court made no ruling on these issues. We find these issues to be moot since we have affirmed the trial court’s ruling invalidating the will on other grounds.
In accordance with the above, we affirm the trial court’s judgment finding the March 8, 2002 will of Darryl Plauche to be invalid.

AFFIRMED.